24-CV-04407 (ENV) (LKE)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BENJAMIN MEDINA,

                                      Plaintiff,

-against-

FIESTA PARK ASSETS LLC,

                                      Defendant.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(B)**

---

**HARLOW LAW P.C.**

Attorneys for Plaintiff Benjamin Medina
767 Broadway #1381
New York, NY 10003

Jordan F. Harlow, Esq.
Tel: 718-569-7423
jordan@harlow-law.com

December 30, 2024

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………………..1

STATEMENT OF RELEVANT FACTS…………………………………………………………1

    I.     PLAINTIFF'S ALLEGATIONS…..…………………………………………….…1

    II.    THE COLLECTIVE BARGAINING AGREEMENT (CBA)……………………2

    III.   PROCEDURAL HISTORY……………………………………………………….3

LEGAL ARGUMENT……………………………………………………………………………3

    I.     STANDARD FOR RULE 12(B)(1) AND 12(B)(6) MOTIONS…………...…………3

    II.    PLAINTIFF'S CLAIMS ARE NOT PRECLUDED BY THE CBA………………….4

    III.   PLAINTIFF'S FLSA CLAIMS ARE NOT SUBJECT TO MANDATORY ARBITRATION……………………………………………………………………….6

CONCLUSION………………………………………………………………………………….8

## **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................... 4

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 745 (1981) ................................... 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................... 4

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ................................................ 4

*Espada v Guardian Serv. Indus.*, 2019 US Dist LEXIS 181187, at *15-16 (EDNY Oct. 18, 2019,
   No. 18-CV-5443 [ILG] [JO]) ................................................................................................. 5, 6

*Hammel v. NYC Sch. Support Servs.*, 2021 US Dist LEXIS 259670, at *6 (EDNY Dec. 24, 2021,
   No. 21-cv-4806 [BMC]) ............................................................................................................ 6

*Jones v. SCO Silver Care Operations LLC* ..................................................................................... 8

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988) ............................................. 8

*Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129, 134-35 (E.D.N.Y. 2011) ............... 7

*Sejdija v First Quality Maintenance, L.P.*, 2023 US Dist LEXIS 27556, at *17 (SDNY Feb. 17,
   2023, No. 22-cv-4487 [JGK]) ................................................................................................... 7

*United Steelworkers of Am. v Warrior & Gulf Nav. Co.*, 363 US 574, 582 (1960)………………6

*Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998) .............................................. 6

**STATUTES**

12(b)(6), ........................................................................................................................................ 1

Federal Rules of Civil Procedure 12(b)(1) .................................................................................... 1

**PRELIMINARY STATEMENT**

Plaintiff, Benjamin Medina, submits this memorandum of law in opposition to Defendant Fiesta Park Assets LLC's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, alternatively, to compel arbitration. Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") and the Americans with Disabilities Act ("ADA"), alleging unpaid wages and discriminatory practices. Contrary to Defendant's assertions, these claims are not subject to mandatory arbitration under the Collective Bargaining Agreement ("CBA") between the Realty Advisory Board on Labor Relations, Inc. ("RAB") and Service Employees International Union Local 32BJ ("Local 32BJ"). Plaintiff has complied with all procedural prerequisites, including mandatory mediation and the Bypass Notice protocol, thereby preserving his right to litigate these statutory claims in federal court.

**STATEMENT OF RELEVANT FACTS**

For a full recitation of relevant facts, Plaintiff refers to his Complaint, annexed to Defendant's Motion as Exhibit A ("Ex. A").

I.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff, Benjamin Medina, worked as a building superintendent/porter for approximately 26 years, serving properties owned or managed by Defendant Fiesta Park Assets LLC, including 900 Avenue H and 8635 21st Avenue in Brooklyn, New York. *See* Ex. A, Complaint ¶¶ 16-18.

Throughout his employment, Plaintiff was regularly required to work in excess of 40 hours per week but was not paid for overtime hours, violating the FLSA. *Id.,* ¶¶ 19-36. Plaintiff's tasks included cleaning common areas, addressing tenant repairs, and performing emergency projects, often extending his workday beyond regular hours. *Id.,* ¶¶ 23-30. Defendant failed to maintain accurate time records as required by the FLSA. *Id.,* ¶¶ 31-33.

In 2020, Plaintiff sustained a shoulder injury due to strenuous manual labor but continued working out of fear of retaliation. After undergoing surgery, Defendant's managers harassed Plaintiff, questioning his ability to return to work and threatening his job security. *Id.*, ¶¶ 37-45. Plaintiff later reinjured his shoulder and developed sciatica, yet Defendant failed to accommodate his disabilities. Instead, he was subjected to increased hostility, including false reprimands and verbal abuse from supervisors. *Id.*, ¶¶ 46-51.

Defendant's harassment escalated after Plaintiff disclosed plans for further surgery in 2022. In January 2023, Defendant issued a retaliatory warning letter containing false allegations. *Id.*, ¶¶ 48-51. After Plaintiff requested medical leave and underwent back surgery, Defendant continued to harass Plaintiff, ultimately terminating his employment. *Id.*, ¶¶ 52-59.

## II.     THE COLLECTIVE BARGAINING AGREEMENT (CBA)

Plaintiff is subject to the collective bargaining agreement ("CBA") between the Realty Advisory Board on Labor Relations, Inc. ("RAB") and Service Employees International Union Local 32BJ ("Local 32BJ"). The CBA between RAB and Local 32BJ includes provisions relevant to this dispute:

- **Article XIX, Section 47 ("Wage and Hour Claims")**: Mandates mandatory mediation prior to filing wage and hour claims in court but does not explicitly require arbitration for such claims.

- **Article VI ("Arbitration")**: Empowers a Contract Arbitrator to decide differences arising from the interpretation, application, or performance of the Agreement but does not expressly mandate arbitration for statutory claims under the FLSA or ADA.

2

- **Article XIX, Section 23(B)(4) ("Bypass Notice Protocol")**: Establishes a procedure for employees to notify the RAB and Employer in writing if they intend to bypass the Protocol process and file claims in court.

Plaintiff complied with all relevant CBA provisions prior to filing this Complaint.

### III. PROCEDURAL HISTORY

Prior to filing, Plaintiff submitted a Verified Notice of Claim and cover letter to the Office of the Contract Arbitrator, as well as Local 32BJ and Defendant. *See* Notice of Claim and cover letter, annexed to the declaration of Jordan Harlow, dated December 27, 2024, as Exhibit 1. As can be seen from the notice of claim, Plaintiff asserted both his ADA and FLSA claims. Thereafter, Plaintiff complied with the mediation requirement outlined in Article XIX, Section 47 of the CBA, participating in mediation for both his ADA and FLSA claims with Defendant on June 21, 2024.

Plaintiff had previously provided a Bypass Notice under Article XIX, Section 23, preserving his right to file claims in federal court. *See* Ex. A ¶¶ 63-68; Bypass Notice, annexed to Defendant's motion as Exhibit D. Defendant subsequently moved to dismiss or compel arbitration on November 15, 2024.

After the parties failed to resolve this matter at mediation, Plaintiff filed his Complaint on July 15, 2024, asserting claims under the FLSA and ADA.

### LEGAL ARGUMENT

### I. STANDARD FOR RULE 12(B)(1) AND 12(B)(6) MOTIONS

Under Rule 12(b)(1), a case must be dismissed if the court lacks subject matter jurisdiction. The plaintiff bears the burden of establishing that the court has jurisdiction over the claims asserted. In this case, Plaintiff's claims arise under federal statutes—the Fair Labor Standards Act (FLSA) and the Americans with Disabilities Act (ADA)—which confer federal question

3

jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, this Court possesses subject matter jurisdiction over Plaintiff's claims.

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

## II.  PLAINTIFF'S ADA CLAIMS ARE NOT PRECLUDED BY THE CBA

Plaintiff's assertion of his ADA claim is not, as Defendant has improperly labeled it, a dispute under the collective bargaining agreement. It is a claim of disability discrimination under the ADA for which the CBA has a clear and unambiguous bypass protocol contained within the "No Discrimination" subsection so relied upon by Defendant in its erroneous assertion that Plaintiff must arbitrate his ADA claim. *See* CBA, annexed to Defendant's motion as Exhibit C ("Ex. C"), Article XIX, Section 23(B)(4).

In furtherance of Defendants' contention, they cite case law in reference to *a predecessor to the CBA at issue*—as opposed to the relevant CBA. This is once again another conspicuous attempt by Defendants to mislead the Court. The CBA at issue in the instant matter—not a predecessor—has been interpreted as preserving an employee's right to litigate their statutory discrimination claims where their union has not sought arbitration on their discrimination claims

for arbitration. *See Espada v Guardian Serv. Indus.*, 2019 US Dist LEXIS 181187, at *15-16 (EDNY Oct. 18, 2019, No. 18-CV-5443 [ILG] [JO]).

Moreover, the inclusion of the "Bypass Notice" creates a specific procedure for employees to follow if they wish to file their claims in "any court." Specifically,

> The RAB and the Union have established the foregoing Protocol to provide interested parties a means to rapidly resolve or hear on the merits [the relevant ADA claims] fairly. To make this system most effective, it is a mandatory prerequisite before any bargaining unit member attempts to file [such a claim] in any court that the bargaining unit member (personally or through his or her attorney) notify in writing the RAB and the Employer that the Employee is attempting to bypass the Protocol process. (Ex. C, Art. XIX, ¶ 23(b)(4)(a))).

The process for providing proper "Bypass Notice" is then detailed, and the CBA states that "[p]roviding the Bypass Notice is a condition precedent prior to bringing [such a claim] in any forum." *Id.* Plaintiff has complied with this condition precedent, as plead in his Complaint. (Ex. A, ¶¶ 63-67).

Finally, this matter is distinguishable from the *Hammel* matter cited by Defendants. There, a provision of the relevant collective bargaining agreement that provided that "all unresolved grievances shall be subject to final and binding arbitration" (hereinafter referred to as "Article 23.4") committed the plaintiff to arbitration. *See Hammel v. NYC Sch. Support Servs.*, 2021 US Dist LEXIS 259670, at *6 (EDNY Dec. 24, 2021, No. 21-cv-4806 [BMC]). Crucial, however, is that the Court noted, in dicta, that if Article 23.4 were not part of the collective bargaining agreement, then a reading of the "No Discrimination Protocol" would only make mediation, and not arbitration, mandatory as relates to discrimination claims. *See id*, at *8; *Espada,* at *4, n.10.

Here, in contrast to *Hammel,* Plaintiff has no unresolved claims or grievances. He has complied with the "Bypass Notice" protocol for bringing his ADA claim before this Court. His

5

union has failed to take his ADA claim to arbitration. Accordingly, this Court properly has subject matter jurisdiction of his claims.

### III. PLAINTIFF'S FLSA CLAIMS ARE NOT SUBJECT TO MANDATORY ARBITRATION

The FLSA grants employees non-waivable rights to minimum wages and overtime pay. Claims arising under the FLSA are statutory and independent of rights established by a collective bargaining agreement. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 745 (1981). Therefore, an employee's ability to bring FLSA claims in a judicial forum is preserved unless there is a clear and unmistakable waiver within the CBA.

The CBA in question does not contain a clear and unmistakable waiver requiring arbitration of FLSA claims. Article XIX, Section 47 of the CBA mandates mediation prior to filing wage and hour claims in court but does not explicitly require arbitration for such claims. *See* Ex. C, at 121-23. Plaintiff and Defendant mediated Plaintiff's FLSA and ADA claims, and the matter did not resolve. The Supreme Court has held that a general arbitration clause does not suffice to waive an employee's right to a judicial forum for statutory claims; such a waiver must be "clear and unmistakable." *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80 (1998).

Article XIX, Section 47 of the CBA is silent with respect to arbitrating wage and hour claims. Further, Article XIX, Section 47 even alludes to wage and hour claims being litigated/filed in court ("prior to the filing of any such claim(s) in court")—an unambiguous indication that it was not the intent of the parties that such claims be compelled to mandatory arbitration. When the Court is presented with a clear and unambiguous statement of intent not to arbitrate an issue, it cannot compel arbitration of that issue. *United Steelworkers of Am. v Warrior & Gulf Nav. Co.*,

6

363 US 574, 582 (1960) ("For arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

Defendant attempts to couch Plaintiff's FLSA claims as ones that require interpretation or application of the CBA. Specifically, Defendant contends that the question of whether Plaintiff performed emergency work is a matter governed by the CBA. This is an irrelevant red herring put forth by Defendant in attempt to circumvent Plaintiff's right to pursue his FLSA claims in federal court.

The CBA clearly states that "the Superintendent shall take care of emergencies." Ex. C, Article XI, Section B(2)(b), at 62. The CBA further states that "[n]othing herein shall be construed to affect any rights a Superintendent may have under the Fair Labor Standards Act." *Id.* Defendant contends that in such situations, superintendents are not entitled to overtime pay. This is factually incorrect. The CBA does not state that superintendents are not entitled to overtime pay in the event they work emergencies. Nor could it, as this would be a violation of superintendents' rights under the FLSA.

There is nothing to interpret in the CBA, as Defendant argues. Superintendents are unambiguously tasked with performing emergency work under the CBA. Moreover, it is irrelevant whether the type of work Plaintiff performed over forty (40) hours in a week qualified as "emergency work" for the purposes of Plaintiff's FLSA claim. Plaintiff has not asserted a grievance with his union alleging that he was paid an improper rate; he has not asserted any FSLA claims alleging a shift or pay differential wage rate; and he has not asserted any claims related to interpretation, application, or performance of the CBA. The relevant issue is whether Plaintiff worked the hours that he has; claims that are provided for separately by statute under the FLSA and are "separate and distinct from employees' contractual rights arising out an

7

applicable collective bargaining agreement." *Sejdija v First Quality Maintenance, L.P.*, 2023 US Dist LEXIS 27556, at *17 (SDNY Feb. 17, 2023, No. 22-cv-4487 [JGK]); *see Polanco v. Brookdale Hosp. Med. Ctr.*, 819 F. Supp. 2d 129, 134-35 (E.D.N.Y. 2011).

To the extent Defendant is claiming that Plaintiff is not entitled to overtime for non-emergency work pursuant to Article XV, Section B(2)(b), this also does not require interpretation of the CBA, but rather a question of fact. *See* Ex. C, at 62. Rather, Defendant's payroll records will be sufficient to determine whether Plaintiff received "equivalent time off during the same workweek or a day's pay at the time and one-half rate." *See id.* In *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 408 (1988), the Supreme Court held that statutory claims are not preempted by the LMRA if they can be resolved without interpreting a CBA. Similarly, in *Jones v. SCO Silver Care Operations LLC*, the Third Circuit similarly held that FLSA claims were not subject to arbitration where the CBA did not clearly and unmistakably require it. No. 16-1101 (3d Cir. May 18, 2017). Specifically, because a determination of an employee's regular hourly rate of pay could be made by examining payroll records, the court held that the overtime rate claim did not require an interpretation of any disputed language of the CBA. Additionally, the Third Circuit held that the remaining disputes were questions of fact which did not depend upon an interpretation of the language of the collective bargaining agreement. Here, the determination of whether Defendant violated the FLSA involves analyzing federal statutory requirements, not CBA provisions.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety, together with such other and further relief as the Court deems just and proper.

8

Dated:     New York, New York
           December 30, 2024

                                        **HARLOW LAW, P.C.**
                                        Attorneys for Plaintiff
                                        767 Broadway #1381
                                        New York, New York 10003
                                        (718) 569-7423
                                        jordan@harlow-law.com


By: _____s/_____
        Jordan Harlow